Good morning and welcome to the Ninth Circuit. We have only one case on the calendar this morning and it is Stanley v. I'm not sure how to pronounce it, Chappell. A capital case, 30 minutes per side. When you're ready. Good morning. It pleases the court, I'm Joseph Schlesinger here to represent Gerald Frank Stanley, the petitioner in this matter. When this matter was remanded to state court six years ago with a conditional writ of habeas corpus, district court did that with a fair amount of trepidation. The court wrote that it's nearly not possible to think that a meaningful retrospective determination could be made. It noted in particular how problematic it might be to hear from Mr. Stanley at all in the case. Did the court know that Mr. Stanley would be the only live witness at that hearing, and most of what he would testify to was that the relief that was granted was based on a fraud upon the court? Two years ago, after that hearing, Can I stop you right there? I don't think it's directly in front of us, but as I look at what the Superior, Lake County Superior Court did, there was argument to him that there had been a fraud upon the court. But that's not what the court concluded. The court concluded that he was competent. The court did conclude he was competent. And so why do you say he concluded he was competent based upon fraud upon the court? He – there was testimony. It wasn't just argument. And the court said he was taking that specific testimony into consideration. I don't mean to say that that was the only evidence. He reviewed certain transcripts and whatnot. Okay. And I'd spend more time on it if you'd like to. No, no. It's really off to one side. Okay. Yeah. I agree, Your Honor. Okay. So just to set the framework, two years ago in district court, after the proceedings were concluded, we filed a list of nine reasons we felt that the hearing was not adequate to satisfy the conditions of the conditional writ. Nothing on that list sought to vacate the finding, sought to set it aside, sought to hold it unconstitutional. And we certainly weren't asking that the State court be issued – ordered to be a conditional writ to hold another hearing. But isn't that a due process argument, Mr. Schlesinger? I mean, you're saying that it was not a constitutional challenge, but it has to be a procedural challenge, is it not, which implicates notions of due process? Well, we think the deficiencies were so egregious that it certainly could be couched as a due process violation. Well, if that's the case, then why is this situation any different from the issuance of a conditional writ of habeas corpus by a Federal court that is then dependent upon the State either releasing the Petitioner or granting the Petitioner the right to do so, or granting him some kind of a new trial or a new proceeding, which then works its way back up through the State courts and eventually results in the filing of a new Federal habeas petition, raising whatever the new constitutional challenges might be to what happened on Remand? A couple of reasons, Your Honor. First, although I said the issues could rise to the level of a due process violation, they don't need to rise to that level. And determining whether the finding is meaningful, as this Court did in McMurtry v. Ryan a number of years ago, doesn't require finding a due process violation. In McMurtry, which I assume two members of the panel are far more familiar with than I am, but the Court reviewed the evidence at the hearing. There were no claims of constitutional violations. The Court simply concluded that the evidence wasn't sufficient to make a meaningful determination of the Petitioner's competency. But beyond that, Your Honor, the main reason it's different is Pate v. Robinson claims are different from other types of claims. The Pate makes clear that the decision is a snapshot of the defendant's functioning at a moment of time, and he's entitled to a contemporaneous finding. Nothing we ever do after that can put him back in exactly the same procedural posture. So what Pate requires the courts to do is, before they think about sending it back for that type of conditional writ, there has to be some reasonable likelihood that the finding might be reliable. But why wouldn't you make this argument to either the District Court of Appeal, or maybe because it's a capital case, file an appeal directly with the California Supreme Court challenging what happened in Lake County? Well, frankly, we don't know if they would entertain that. And I say that at the same time I don't know that they wouldn't entertain it. But comedy and finality... Why wouldn't they entertain it? Because it's not a judgment, so we don't think we can file a habeas petition in State court. The reason we can pursue the claim in Federal court is we have a petition granted in our favor, and we are dealing with the remedy for that. We simply want to expand the remedy. State court, a competency finding, whether it's retrospective or contemporaneous, isn't a judgment. And State court has the same restrictions, or the State of California has the same restrictions on habeas petitions that the Federal court does. You have to be attacking a judgment. In State court, a competency proceeding is a special proceeding. It doesn't result in a criminal judgment. And if the State thought that this had been a judgment, as the State is arguing here, he would have been entitled to an automatic appeal that would have been in the California Supreme Court. But no such appeal was docketed. State court's understanding is they were making a report to the Federal court, not issuing a judgment, but a finding that would pre-dermit any further grant of relief in Federal court. And that was our understanding as well. Assuming for a moment that you're wrong, and I don't know. I mean, this is a question of State law, and there may be some difficulties. But just assume for the moment that an appeal would be possible in the State court system from the determination by the State court in Lake County that he was competent at that time. You mentioned the possibility of an automatic appeal because it's a capital case. Do we even know that it would have been an automatic appeal? And had it been an automatic appeal, would it necessarily have gone straight from the California Supreme Court as an ordinary capital appeal does? The complications just keep tumbling in here. And then I've got one last question. If there's not an automatic appeal, would there be a requirement to take a timely appeal, and has that time now passed, making the appeal impossible? I mean, I realize that's a whole series of questions. But I think I can pull apart some of them. And if I miss some of them, please let me know. The order was probably appealable. California law is post-judgment orders are appealable if they affect substantial rights of the defendant. I think it would be pretty hard to say that this doesn't affect substantial rights. So although there's no case law I'm aware of saying this type of order is appealable, it probably falls within the statute. Automatic appeals always go to the California Supreme Court. I think probably it didn't fall within the court's understanding. And the court was aware of this case, by the way. The court's understanding of automatic appeals because the statute says a judgment imposing a death sentence gets appealed automatically. Didn't purport to impose a death sentence. I think we're sort of saying that maybe, in effect, it did. But by its own terms, it didn't. But the question really, I guess, is what was the effect of the ruling by the Lake County Superior Court? Is it a final order for purposes of triggering a right to appeal? And I think based on what you just said, it probably is. It may not be treated as an automatic appeal akin to a judgment of death. But I'd be very surprised if there were no appellate remedies. No. I suspect there probably was an opportunity to file a timely appeal to the Third District Court of Appeal. Yeah. But I think coming back to your question, Judge Tallman, why shouldn't we then just require the Petitioner to go through all that? I think we have to bear in mind a couple of things. One is there was no requirement to send this back to state court at all. The case law is clear. The Federal District Court could have held that a competency proceeding wouldn't be feasible or could have done the competency hearing itself. So the notion sort of in for a penny, in for a pound, although it didn't have to The Petitioner then has to go through years of litigation, which we were trying to avoid six years ago. We said this would go much faster if we just dealt with it in federal court. But it's been six years and counting and many more years we think just doesn't strike the proper balance between federalism and finality and comedy. Comedy is a two-way street. And the state court really showed no deference to the federal court order. Well, we don't have the authority. You had argued earlier that this was akin to the appointment of a special master. We don't have that authority to designate a state superior court judge as the California Supreme Court can do in a habeas proceeding if it needs an evidentiary record developed. What we did was we sent it back to the Federal District Court and then as you represented, the Federal District Court issued a conditional writ and sent it to the state courts saying either let them go or determine whether you can conduct a retrospective feasibility and if so, what's your answer? And it appears to me that's what happened. If I implied something about special master today, I misspoke. I don't think I said that in the briefs. I know the state said that that's what we were saying. But I agree. It's a conditional writ. I think really what the crux of the problem is, is what was the condition? Was it hold a hearing if feasible and it's done so? And as the state says, that's we're often running on a blank slate. Or was it hold a meaningful hearing? And I think 40 years of case law from this Court says the requirement is a meaningful hearing. We have sealing versus. Why can't we reach that issue by letting the California appellate remedies run their course? I mean, it may well be that at this point in time, it's too late for Mr. Stanley to pursue further appellate remedies in state court. But he's got to try and he's got to get a denial or dismissal from a California appellate court, which may be on the grounds that he's time barred. I don't know. But they've surprised us before. Since they don't have an AEDPA 365-day rule, they might take it. In which case, they might grant him the relief that he seeks. Or they might say no. And at that point, he can come back to the Eastern District of California and say, okay, I'm exhausted. I've taken this thing as far as I can go. And now, because the state court of appeals won't do anything about it, you, federal district court, are going to have to make the call. I hear what Your Honor is saying. And if I can sort of rephrase the question, because I've thought about this a little bit, is why would it be inconsistent with the notion of retaining jurisdiction, which all these cases say we do, to say, well, we're retaining it. We're just going to exercise it after a full round of litigation in state court. And I think the answer to that is, it's really the antithesis of retaining jurisdiction to say, this is a new claim attacking a new judgment. It has to be challenged with a new set of habeas claims, which is what the magistrate judge said eventually. Because then we're no longer retaining jurisdiction. We're just saying, go live your life, file another habeas petition when the time is right. That's not retaining jurisdiction. But I know you don't want to characterize it as a constitutional due process challenge, but it sounds to me like you do have at least some new constitutional claims arising from what happened in the California courts, which would then be treated just like any other errors that occurred after a conditional writ issued. And it seems to me there would be right to another round of federal habeas review raising those new claims. Well, part of what I have to respectfully take issue with, it's not just like any other kind of conditional writ. Because all other kinds of conditional writs that I can think of, retry or release, are starting from square one. They're getting a new judgment. There's no retention over the meaningfulness. And that's what we asked for in this case. Had we gotten the relief we wanted. Would that be true on a Martinez remand? In other words, suppose that we send a matter back to the state courts in order to make the record on a Martinez IAC claim, and the state court holds whatever evidentiary hearing they hold and concludes that there was no ineffective assessment. Well, there's holding from this Court, and I don't have the case site in front of me, that Martinez issues don't have to be exhausted. So if we want to talk about that line of cases, I think it actually supports our position. Because you could get into an infinite loop. If you're saying any type of challenge in the federal habeas proceeding has to be sent back to state court for a first look, then when it comes back and there's a challenge to what the state court did, then we have to exhaust that and just keep going around and around. Wouldn't the district court essentially engage in a stay and abate decision here in the manner in which? Absolutely. They said we're going to. Which is what the Supreme Court has told district courts they should do if they're unexhausted. If there are new claims. Right. And that's how Judge Hollows got to that conclusion. Yeah. I think you're raising claims. They need to be exhausted. I'm going to deem your status report as complying with AEDPA, and now I'm holding it in abeyance. But that presupposes what we're trying to determine, whether these are claims or not. And the fact that the hearing was so bad that there were arguably new constitutional violations, I don't think changes the character. Some of the things we're alleging were wrong with the hearing aren't independent violations. We say the Butte County court found it would be feasible to hold a hearing because trial counsel Peterson and Blake and the experts were available to testify. Then they have a hearing and none of those people testify. The fact that they didn't testify in Lake County doesn't mean the Butte County was wrong in its assessment as to whether they were available. No. It said it's feasible if you do it a certain way, and then they do it a different way. In essence, it was reconsideration of the feasibility. The state says, well, here's why it's feasible. This person, that person, the other person are available to testify. Then it goes to another county, and then they say, well, we don't want to call any of those people. Another county and another lawyer. Right. In another district, by the way. So we still have the problem of if we're filing a new petition, are we moving to the northern district? Another question, but again, this is in a sense still off to one side of what the question is in front of us. Am I right in assuming that if exhaustion goes forward in the state court with an appeal, for example, from the Lake County Superior Court, that it would be Mr. Levitt who would represent him? Well, since one of the issues raised is that Mr. Levitt perpetrated a fraud on the court, the Lake County Superior Court, I think it would be very hard-pressed to be able to represent him in that proceeding. But your jurisdiction would allow you to appear in state court. Is that correct? No. We can get authorization from the presiding judicial officer in the Federal habeas proceeding to do an ancillary matter in state court. So your representation of him can continue in state court? Yes. So if we decided this had to be exhausted, you could take his appeal in California? What I told Mr. Stanley yesterday was if we lose this appeal, I will be filing a writ of habeas corpus in state court challenging the finding. I don't know what will happen. It's very possible the court will say we don't have jurisdiction. It's essentially what you're saying. Do you have to file a writ of habeas corpus in state court? You can't file a direct appeal? Well, I think the time is up for filing an appeal. I think part of the writ would include challenging the decision not to file the appeal in a timely fashion. Okay. Well, now that we've taken almost 20 minutes on issues that are off to one side, why do we have appellate jurisdiction over this order? Well, I think the primary reason is it's essentially the refusal to allow the filing of a 60B motion. It came up in kind of a strange way because we were told to go to exhaust before we actually filed our motion. But the case law is that the way to enforce a conditional writ is under Rule 60B. The Thompson v. Calderon case from this court in about 98, I think, says if a court refuses to entertain a 60B motion in a habeas case and tells you to go do something else instead, that's appealable. So that, I think, is the primary basis. The notion that it's interlocutory and all those things sort of leave out of the equation that there is a final judgment on this claim already. We're seeking to reopen that judgment. It's not your garden-variety, stay-abeyance, pre-hearing posture. So I think the 60B is the case. But you characterized it as a conditional writ. Isn't the conditional writ a judgment? Yes. I'm sorry if I misspoke, Your Honor. There was a final judgment. It was entered pursuant to Civil 52B, I think, the partial entry of judgment. All of the other claims regarding the penalty phase and whatnot were held in abeyance to see what happened in State court. And they will pick up at some point, regardless of what happens to this claim. So it's a post-judgment motion on that judgment. We're seeking to modify that judgment. The judgment was the State court should do a determination, if feasible. Our motion is, turned out, it wasn't feasible to do a reasonable job on this. So just issue the other part of the conditional writ and vacate the death judgment. Have I answered your question, Your Honor? Well, this is a really difficult procedural case. I hear what you just said, and I hadn't thought of it quite that way. But isn't that true every time the district court stays in abeyance? There's no judgment, typically. Yeah, that's true, because he hasn't reached the merits yet of the Federal issues. It usually comes in with the initial petition. It's a mixed petition. The whole case is held in abeyance. But let's take another analogy, then. Forget about Mr. Stanley. Let's suppose that we reverse a district court's denial of habeas relief and direct it to issue a conditional writ and remand the case to the State court. There would be a judgment to that effect entered in that case, but that would not be appealable at that point, would it not? Because we'd have to wait and see what happened after the conditional writ was issued in the State court. I'm sorry. I think I got a little lost, Your Honor. Was there a final judgment granting the writ in the hypo? No. A judgment denying habeas relief in the district court comes up to the Ninth Circuit. We reverse and remand, directing the district court. Wouldn't it do just exactly the same thing? It would issue a new judgment that essentially vacates the prior judgment denying relief and issues a conditional writ judgment, sending the case back to the State courts, either release them or retry them. And that decision would not be appealable again at that point, would it? Well, the petitioner wouldn't be aggrieved by that grant of the writ, so appealable by the State, I'm not sure. I guess it would be law of the case. The problem I'm having in trying to see that this order is appealable now is we already addressed the last time this matter was in front of us the deficiency with regard to the competency issue on which Judge Damrell had granted habeas relief. Well, actually, that wasn't appealed. But, yes, we certainly were talking about that because we appealed the limitation on the remedy. Yeah. And we reversed and remanded, which had the effect of directing the district court to vacate that judgment and issue a conditional writ which... With apologies, Your Honor, it affirmed the conditional writ. This court affirmed exactly what the district court said. That's right. Okay. So affirming it but directing that further proceedings be conducted on the competency issue. The court was going to do that already. The court had said, we're going to follow Odole in this case, send it back to State court, and I was here four years ago saying, I don't think it's going to be meaningful, and the court said, well, let's leave that to the State court, and here we are saying it wasn't meaningful. Now, I don't attach any fault to anybody on this, and it might just be my lack of awareness, but I do not recollect when you were here before knowing that the proceedings in the State court were already underway at the time we were entertaining that appeal. The court asked for a supplemental briefing regarding the status and some other things about Mr. Stanley's filings. Well, both parties responded to that. It informed the court that the proceedings hadn't started yet. I recall going painfully through each hearing that had happened so far in describing to the court what had happened at each hearing, and I think we were up to about 11 hearings at that time, and it was all, Mr. Levitt wanted to be appointed, the court saying, no, you were barred from this case. I see. So it was all, as it were, just kind of throat clearing still. Yes. I see I'm getting close to the end of the time. I only addressed one of the three grounds. Well, we're not going to be terribly strict. If we have things to say, you have things to say. Let me ask, although you've been kind of addressing it, and don't worry about it, if your time runs, we'll give you a chance to respond. I'm unclear on, assuming we have jurisdiction, on appeal, I'm unclear why exhaustion should or should not be required. Can you help me out on this? I mean, I've just been briefed and so on, but if you could help me just in oral communication, why the ordinary exhaustion should apply here in this rather unusual circumstance? I feel, Your Honor, because there's a dearth of directly applicable authority. Mr. Witt found an out-of-circuit case that's unpublished that says exhaustion's required in a footnote, and I was able to find no cases on it either way other than that, where the remand had been a result of federal court action. In fact, in the Reed v. Champion case, it wasn't even a result of federal action. But I think the answer to it, and that's why I've spent so much time on is it a judgment? Is it a claim? Is it an argument? Because that follows. It's only claims attacking judgments that need to be exhausted under the habeas statute, and it follows from it's not a claim, it's an argument. This isn't a judgment, it's a finding. Therefore, it's not a claim attacking a judgment that needs to be exhausted. There may be time to hear from the State, and then we'll give you a chance to respond. Thank you, Your Honor. Good morning, Your Honor. Jesse Witt, Deputy Attorney General, on behalf of the Respondent to Pele, the Warden. Taking Your Honor's last question, why should this claim be exhausted? I'm not fully conversant with the space-time continuum, but contrary to the position the Federal Defender takes, a 1995 petition challenging the 1983 Competency Hearing cannot exhaust any claims that arise out of a 2011 1368 Competency Claim. And we have to address why is the Federal Defender bringing this? Well, the reason is the Federal Defender did not like the actions the Petitioner took in the State Court. It was a meaningful hearing. He had a right to a jury trial. He chose to give that right up. He had a right to present any evidence he chose. He stipulated the evidence that the Superior Court heard. He had a right to an attorney. His first attorney was removed and he got the attorney he wanted. So the meaningfulness of the adversary process was achieved. The Federal Defender does not like the results of that. Counsel, given the whole question about the competency of Mr. Stanley in 1983, doesn't the bizarre nature of this proceeding in Lake County raise a question as to whether Stanley was competent when that hearing was held in order to waive all of those things and to testify as to his competence in 1983? There is some evidence. There is maybe some evidentiary value in having Mr. Stanley come forward and testify that he thought he was competent in 1983, but only if we're confident of his competence in whatever the date that was, 2011 or 2012. I'll take exception to the Court can use whatever it wants. Bizarre is sort of a pejorative term, but a lot of what the State proceedings were, were not even involved with competency. There were a change of venue with the attorneys coming up getting conversant with the record, but Mr. Stanley was found competent by the District Court post-1995 because there was some issue at that time whether the federal defender thought he was competent or not, and that was resolved. There is no challenge to Mr. Stanley's competency in the present day. No one's ever raised that issue. Well, Mr. Levitt seems to have an interest in not challenging that. Yes. Mr. Levitt is an old-school attorney. He represents his client's wishes. Mr. Stanley has never wanted to be found incompetent. He did not want to be found incompetent in 1983. He did not like the challenges raising his competency in the Supreme Court, in the District Court, in this Court. He does not want to be found incompetent. He has always maintained that position. That was the focus of how the competency hearing arose. But let me reinforce Judge Bybee's question. As you probably are aware, we receive fairly regular correspondence from Mr. Stanley. And I'm not now saying that he's competent or incompetent for purposes of expressing his opinions or to be tried and so on. But he behaves in bizarre ways. And if the question were to me, do I think he's competent now or was he competent a year or so ago to testify as to his competence in earlier time, I'd say, you know, based on what I see in front of me, that's an issue. It does not strike me as frivolous to raise the question, was he competent in Lake County in this recent proceeding to testify as to his competence 30 years before. Well, he would have had that, he had that opportunity and we were here a few years ago and I told the Court the best way to resolve this is that I go back and the Federal Defender would go back and resolve it in six months. The Federal Defender could have chosen to have the Supreme Court or the Court of Appeal or the Superior Court appoint them to represent Mr. Stanley. They could have done it that way. They did not choose that. It was done a different way and if there's a doubt in Mr. Stanley's competence I think this Court has the power to hold a hearing. I was not privy to the Court's hearing where they asked the Federal Defender to respond to his letter. I think Mr. Stanley is erroneous. I don't know if he's irrational. So maybe I just see him differently. What's strange about this is that we've been put to a lot of trouble to try to figure out whether Mr. Stanley is responsible for his federal habeas action. You get back to state court and he waves everything. That doesn't make any sense, does it? The only thing that seems to be explained is the change in counsel. It's not clear that it's a change in mind on Mr. Stanley's part, because nobody's sure what Stanley thinks. But it's clear that we've had a change in counsel that was a very different philosophy. And now we're back here not knowing what or who to believe. Well, there is a house divided. The federal defendant position is contrary to the client's position. Mr. Stanley did have a hearing in 1983. That was set aside not because there was a dearth of evidence on the competency issue or whether there was even any evidence that he was incompetent was set aside because of juror misconduct. So he had the full hearing then. It was set aside for the constitutional violation of the juror. It had nothing to do with the evidence. And the evidence is overwhelming, I think, that he's never looked at the record regarding that issue. So the claim has to be exhausted. Again, all they had to do to exhaust the claim was file a notice of appeal in the Court of Appeal. They never even filed a notice of appeal. And that's because Mr. Stanley did not want a challenge finding. He was very happy with the finding that he was competent. The federal defender is upset with that because it removes the issue. So the state court has made a factual finding in 1983 and resumed what they've set aside. Was he later incompetent during the penalty case? That's a key issue because according to the state law they would have to change Mr. Stanley's behavior for the judge to raise a doubt whether he was incompetent at the time of the penalty case, which is one of the issues remaining in the district court. And also, another thing, why would they not go to the court of appeal? A lot of the issues are evidence issues. Those are mostly state issues. The federal courts don't get involved in evidence issues at the trial level. So why is the petitioner abandoning his own state remedies by coming directly to the federal court? He's at no pressure to go to the court of national causes. He's 68 years old now. He's in his 60s. So he's old and sick. If you really want to execute him, it occurs to me one of the ways you can get on with this is to waive the exhaustion requirement. Why don't   I think that's an excellent question. Three years ago the district court was attempting to stall out. The question was not whether the claim was exhausted in this case, but it was more of a theoretical question. Do you have to exhaust this claim? I believe that all claims have been procedurally defaulted. I would be happy to go into district court. The claim will be dismissed because failure to exhaust failure to procedural default. I will win if I get into court. If there's a way to get into court, they raise this appeal and that's a non- appealable order. If we were still in district court, this would have been settled and that's it. I've never taken the strategy. I've never been asked to waive exhaustion. I can't understand you. Tell me if you could allow everybody to get past that issue if you were to say whether or not he's required to exhaust we waive any exhaustion requirement that might exist. And my question to you is why don't you say that to the district court? We were never in the district court with that opportunity. The district court issued its ruling that exhaustion was required then they filed a notice of appeal. We have not returned it to the district court subsequent to that. Wait a minute, before the district court issued its order saying exhaustion is required, did you file any papers on the question as to whether exhaustion was required? Yes, we did, Your Honor. So you could have at that time said whether or not it's required, we waive any exhaustion requirement. So it's not that you had no opportunity, you did not say that. And I'm not telling you what you have to do, but I'm asking you why don't you want to just get on with it? Well, Your Honor, I will try to slow down. We wanted to, I thought at the time the quickest way to do it was the claim they haven't exhausted, let's get on with the issue. If I thought that it was going to take three years, the quickest way was to say you haven't exhausted, therefore, there's no more state remedies, let's go on with this. But if you say you haven't exhausted and you're required to exhaust, that means they can't bring it up in federal court, correct? They can't contest the finding that Mr.  has exhausted. But as we now stand, if we were to say we do not have appellate jurisdiction at this time, which I think is a distinct possibility, I assume you guys are going to be off there in state court for a while. They can initiate state court proceedings. Three years they haven't made an attempt. They can file a notice of appeal. California is very liberal on the default for failing to file a timeliness appeal. I don't know if they're going to excuse a three or four year delay when they've had notice of it. They can file a petition for a notice of appeal. There's no evidentiary claim. All the nine reasons they list for why this is not a meaningful hearing, he was provided the opportunity. Their claim is against Mr. Stanley. It's not against the prosecutor. They just don't like what the state petitioner did. If there's a remedy for that, I haven't seen it, but that's what they'll have to pursue. What do you make of the argument based on Thompson v. Calderon as to why we have appellate jurisdiction? I confess I don't understand the argument myself very well. It's a single paragraph in the reply brief. I don't think so. It's not a final order because it doesn't dispose of everything, Your Honor. It's inherent in what the court will have to later on finding the penalty phase, but this doesn't relieve the district court of everything, so I just don't see it as a final order. And then I don't see it comes under the mandamus position because he had a right to go back to the state court. He's not going to be prejudiced. They're claiming, I think, in subsequent cases, that the delay somehow prejudices them. Mr. Stanley is confined to San Quentin prison and his LWOP has already been affirmed by this court. He's not getting out. I don't see how delay prejudices him unless he wants a speedier execution, and in that sense it would prejudice him. But under the Federal Defender's argument that he wants relief by having this set aside, he's not prejudiced by any delays. I just don't see why this would become an appealable order. I don't know if I'm not as conversant with Thomas B. Calderon as I should be, but I just don't see this becoming any exception that it's an appealable order. I'm prepared to submit on brief unless the court has any questions. I understand it's an unusual case, but it's an unusual case only because it is being run by the Federal Defender. They're dissatisfied with what Mr. Stanley was doing down there. They could have filed a notice of appeal right after the conviction taken up the court appeal, made all the claims that they're making now in addition to state remedy claims in the court appeal. They've chosen not to do that. I think their position is that we don't want Mr. Stanley executed. And a way to accomplish that is by bringing up lawful procedural delays such as this attempted appeal. And that's contrary to the position Mr. Stanley has now. Whether Mr. Stanley is rational or not, I don't know. Mr. Stanley before has volunteered to be executed. The first time I met him a long time ago in ring counting and then he changed his mind. He may change his mind again. So I'm not counting on Mr. Stanley's volunteering to do this, but as the court pointed out, this case has been going on a long time. The state would like to try to enforce the judgment rendered by the people. I believe it is important. I'm not using a Nuremberg defense or a justifying order defense. I think this is the right thing to do is to execute Mr. Stanley in this case and take his life. And we would attempt to do that. So thank you very much, Your Honor. Thank you. Mr. Schlesinger. As tempting as it might be to start with some of the criticism of our office, I think when the presiding judge says he doesn't understand one of my arguments, I better start there. You didn't spend a lot of time on the argument. I just went back and re-read it. It shows up on page 4 of your reply brief. It's a single paragraph. I don't get it. Well, and I apologize for that, Your Honor. At the time I wrote the brief, I was a little more focused on the Moses case. The Supreme Court case also says the denial of the 60B motion in a habeas is an appealable order as a post judgment order. Admittedly, part of the reason it doesn't seem to fit terribly well here is we don't actually have an order denying the 60B. As Judge Hollos noted in one of his findings and recommendations, he brought up the exhaustion issue sua sponte. So it all got litigated in terms of, as Mr. Witt says, an abstract issue of exhaustion rather than we have a motion, here's the ruling on the motion, it's denied because you need to exhaust. But that's essentially what happened. And it's clear if we had gone ahead and filed the 60B motion, you would have said, I just told you, you have to exhaust first, your motion is denied. But the  we had these problems with the proceeding, Judge Hollos said, well, I think there's an exhaustion issue here, brief that, both sides briefed it, and then we got an order staying and obeying the proceeding and holding that exhaustion. So let me make sure, I want to ask yes or no questions. I want to ask, did you file a 60B motion? No. So you have no denial of a 60B motion. Correct. Yet you're asking us to treat this as if it were an appeal from a denial of a motion you did not make. That is one of the theories. I think there's a reason why I didn't understand your argument. I got it. Okay. Well, I think you understand it better. I'm not sure I benefit from that. We appreciate your candor. So the Cohen doctrine and the Moses H. Cohen doctrine allow for appeals from delay. And the complaint is the delay. Mr.  the delay is no prejudice. Well, it's legal inability to challenge the delay on a later appeal, not the subjective desire for delay or not that goes into the Cohen doctrine. I'd like to get back to a couple of things, and I will avoid taking up too much of the time. The state can say what it says. I'm not sure I heard them say that. We didn't have an opportunity to I mean, I'm not quite sure I understood their position. If they're willing to do that now, we would take it. I think part of what they're saying is maybe there is no need to mediate this issue. If the state is willing to get to the merits in district court, and that's what you're asking us to do, but we are reluctant because we're not even sure we have jurisdiction to do it, why couldn't you just stipulate to the dismissal of this interlocutory appeal contingent on the state agreeing to go back to the district court and reopen this thing so that all the arguments that you want to make can be heard by the district court? What I think I heard this  is that the state might be thinking about waiting exhaustion, and I am more than happy to talk to Mr. Witt about whether we can resolve the appeal and some of the procedural difficulties in district court via stipulation. I mean, it just seems to me that if there's a serious question here as to whether we can entertain this appeal at all, and if we were to dismiss this appeal, or you somehow lose it, you're going to end up back somewhere, either in the district court or before the California courts. So if you can agree to whatever it is that you're going to do, and  can't  whatever it is that  going to    district court would like us to report back on those discussions before more effort goes into trying to figure out what I said in the briefs. That would be very helpful. And the question with you stays there. It's a black box. They say mediation is possible, not possible. If it goes to mediation, mediation worked or didn't work, and then they report back. And as I hear you, you think the mediation, at least for the purposes of deciding whether or not to dismiss this appeal, might be useful. Mr. Witt, would mediation be fruitful? MR. WITT Your Honor, I question what the court already has. I don't know if I have to state my position clearly. I think that the exhaustion claim that we want to have, the Hamilton clause, that any additional claim to excuse the rape would be dismissed. They said they already made the claim challenging in 2001 hearing, and I don't have a problem with the merits on that because the court will find that they have  merits on that claim. So I don't know if I can directly answer your question. I'm not opposed to the court court's issue of that order, and I can talk with my security and the attorney general's office and the department about that. I would appreciate any explanation that the  can offer. It goes further that way. It might be useful. Yeah. Counsel, is there any advantage to you to attempting to go through the California system and perhaps having the California courts tell you that you don't have a right to exhaustion anymore, that your time is gone, because then you can now raise the cause and prejudice? Part of the problem here is the disconnect between what Stanley's judgment says and what  federal courts say. I don't think that the federal courts have any recourse but to say, okay, I've got a judgment from the state court, and Mr. Stanley waived this and let's move on. In other words, what I'm suggesting is it may be strategic for you to try to get back into the state court and have the state courts tell you that you don't have an exhaustion remedy because you can then raise the cause and prejudice claim. The strategy in this case has been extremely complicated to figure out for the last 16 years. That is certainly a consideration, Your Honor, and I appreciate Your Honor's comments on that, and they are serious comments. There's another side to that as well, and we might decide our strategy lies elsewhere. But some of these are very, very difficult calls. It is indeed possible that the state may say all the claims are defaulted or they might just deny it on the merits. I don't think we're going to get any relief. Petitioners rarely do in the California Supreme Court. And I will sit down if the Court likes. There were a couple of points about the hearing and the initial part of Mr. Witt's presentation that I would like to address very briefly. Give us a hint as to what it is, and we'll see what we think is relevant. Well, and the hesitation in my voice is I think some of them are a little bit tangential.  hearing was meaningful or not, that's actually what we would like to litigate. That's off to one side and that's what's in front of us now. A lot of argument about that would not be fruitful. Whether Mr. Witt is incompetent or not, it would be incompetent to say that he's incompetent. Or competent. Correct. But he has a desire about that that fluctuates. It's not consistent. We're well aware of that. Mr. Sessions, one thing I want to say to you, and I think I speak for my colleagues, we understand the difficulty of representing a client like Stanley. This is a very, very unusual case. And without making any comment at all upon, you know, all these claims that Stanley has made about the representation, I've been very impressed with the work that you have done on this case. I think having been a criminal defense lawyer myself, this is a tough case to handle. Thank you, Your Honor. I appreciate that. I also will confess that that is usually what a court says before they announce that we lose. I do appreciate that. If I was confident in the result, I wouldn't have said it. And that may be a comment on the quality of your advocacy. This is a very, very tricky procedural mess. And I don't know what the right answer is, as I sit here. Thank you, Your Honor. With that, I will sit down and not make some other irrelevant comments. Thank you. Thank both counsel for their very helpful arguments here. Stanley v.  I think you answered it fairly quickly in the sense of you'll be contacted by the mediator, the mediator will determine whether or not something is really worthwhile mediating. And that can often be decided pretty fast. If both of you have to think about it and say mediation isn't going to work, just tell the mediator we'll decide, I wish I knew what we would decide, but we'll decide whatever  decide at that point. Thank you. Thank you,
judges: Fletcher, Tallman, Bybee